UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

NATALYNN VAUGHN,

                        Plaintiff,    **COMPLAINT AND**

     -against-                   **JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER
PELOCKA BINNS #16554, POLICE OFFICER ALBERT    ECF CASE
MASSOP #8757 AND JOHN DOE #1-2

                        Defendants.

-------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a September 27, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New

York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other individual defendants ("the officers"), including John Doe #1-2, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 30 year old woman with no prior arrests. On September 27, 2011, at approximately 11PM, Ms. Vaughn entered the lobby of her building at 300 Vernon Ave., Brooklyn, NY. She immediately noticed several police officers, including the defendants, dragging her brother toward the door. He was handcuffed and bleeding from his face.

13. Ms. Vaughn showed her identification to the officers and asked if she could take her

brother's property before they took him to the precinct. The officer agreed to release the property, specifically a cell phone, from the brother's back pocket. The officer told Ms. Vaughn that he would get the property and hand it to her.

14. As Ms. Vaughn took a step toward the elevators to await the property, another officer stepped in, told Ms. Vaughn to get out of the area, and struck her on her head. Ms. Vaughn fell into another witness in the lobby area. The officers, including the defendants, left the lobby.

15. Upset that she had been struck for no reason, Ms. Vaughn followed the officer outside the building and repeatedly asked for his badge. Instead of providing his badge information, the officer placed Ms. Vaughn under arrest.

16. Ms. Vaughn was taken to the 81st precinct and eventually to Brooklyn Central Booking. A complaint alleging obstructing governmental administration and harassment was filed against plaintiff. Thirty six hours after her arrest, she was brought before the criminal court judge who dismissed the harassment charge as insufficient on its face. She was released without bail.

17. Over the following year, Ms. Vaughn made approximately thirteen court appearances before all the charges were dismissed and sealed.

18. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

19. During all of the events above described, defendants acted maliciously and with intent

to injure plaintiff.

## DAMAGES

20. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    f. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

21. The above paragraphs are here incorporated by reference.

22. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

23. Defendants falsely arrested plaintiff, failed to intervene in each other's obviously illegal

actions and maliciously prosecuted her.

24. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

25. The above paragraphs are here incorporated by reference.

26. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

27. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

28. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

29. For example, the well documented failures of the Civilian Complaint Review Board

("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

30. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

31. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that

there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

32. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the CCRB from the first day of the incidents complained of, the City has failed to remedy the wrong.

33. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

### THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

34. The preceding paragraphs are here incorporated by reference.

35. Defendants, acting with malice, initiated a prosecution against plaintiff and caused her to be prosecuted.

36. The criminal proceedings were terminated in plaintiff's favor.

37. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under New York State common law and the New York State Constitution.

38. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

39. All preceding paragraphs are here incorporated by reference.

40. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

41. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

42. The preceding paragraphs are here incorporated by reference.

43. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

44. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
January 29, 2013

TO:    New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Officer Binns
81st Precinct
30 Ralph Avenue
Brooklyn NY 11221

Police Officer Albert Massop
Special Operations Division
1 Police Plz.
New York, NY 10007

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina
Attorney for Plaintiff
475 Atlantic Ave. Fl. 3
Brooklyn, NY 11217
(718) 852-3710
nicole_bellina@yahoo.com